# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

CLARKSON S. FISHER BUILDING &
U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
(609) 989-0502

## LETTER OPINION
## ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:  **Virginia Tierney Inman v. The Dept. of Law and Public Safety, et al, No. 06-cv-2793**

Dear Parties:

Presently before the Court is a motion by defendants to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  For the reasons below, defendants' motion is denied.

Plaintiff filed the present action against the Department of Law and Public Safety Division of Consumer Affairs of the State of New Jersey by the Office of the Attorney General and the Board of Medical Examiners ("Defendants") claiming that Defendants denied her due process in violation of the 14th Amendment.  Specifically, Plaintiff alleges that the State Board of Medical Examiners (referred to herein as the "Board") deprived her of her right to due process with respect to a grievance she submitted to the Board regarding a physician who treated Plaintiff's deceased husband.  Plaintiff complains that she was denied her "day in Court" by the Board because, although she was able to complete and submit a complaint form, she was not given an opportunity to testify or present her proofs (including witnesses) to the Board.  Compl. at ¶ 15.

Plaintiff seeks relief under the All Writs Act, 28 U.S.C. 1651, and asks the Court to "compel the defendants to proper and complete action" and to order the Board to undertake a "review of [Plaintiff's] grievance against the involved doctor" in a manner that is in accord with the requirements of the Due Process Clause.  Complaint at 9.

## I.  Background

According to the complaint in this action, Plaintiff filed a formal complaint with the Board on March 15, 2005.  The complaint concerned a physician who had previously treated Plaintiff's deceased husband.  Plaintiff did not receive "a reply or acknowledgment or other investigatory contact" from the Board despite numerous attempts by Plaintiff to get such a response.  Compl. at ¶ 5.  Apparently in an effort to compel the Board to take action, on April 26, 2005, Plaintiff contacted the Board and threatened to take legal action against the Board.  At some point thereafter, although it is not entirely clear from the complaint exactly when, the Board acknowledged receipt of Plaintiff's complaint and advised it would undertake an

investigation.

Several months later, on December 16, 2005, Plaintiff was advised that the Board had conducted its investigation and concluded that disciplinary action against the physician who treated Plaintiff's husband was not warranted.  Plaintiff asserts that the Board did not speak with her or any of her supporting physicians as part of its investigation.  On January 5, 2006, Plaintiff submitted a request for reconsideration to the Board that was denied on January 13, 2006.

Plaintiff filed an appeal of the Board's decision with the New Jersey Superior Court Appellate Division.[1]  On March 1, 2006, the Appellate Division dismissed the appeal for lack of standing.  The New Jersey Supreme Court denied Plaintiff's petition for certification on May 11, 2006.  This action followed.

## II.  Discussion

Defendants argue that the complaint in this matter should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  This doctrine, derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), recognizes that district courts lack subject matter jurisdiction over cases that are, in substance, appeals from state court judgments.  Only the United States Supreme Court has such jurisdiction.  28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine has recently been described by the Third Circuit as follows:

The *Rooker-Feldman* doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court." Since Congress has never conferred a similar power of review of the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions. . . .

The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts.

---

[1] The Case Information Statement filed by Plaintiff with the Appellate Division describes the issue on that appeal as follows:  "Did the re-evaluation process contain underlying flaws and a fundamental denial of Due Process of Law?  Was the original decision not to continue to review and re-review properly the doctor's action improper, flawed and otherwise inadequate and a violation of due process?"

Thus, a claim is barred by *Rooker-Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, *Rooker-Feldman* bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

*In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004).

The Supreme Court has instructed that the *Rooker-Feldman* doctrine is to be construed narrowly, and the doctrine is limited to those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005) (admonishing that "the lower federal courts have variously interpreted the *Rooker-Feldman* doctrine to extend far beyond the contours of the *Rooker* and *Feldman* cases"). Although *Rooker-Feldman* precludes a district court from overturning a state-court judgment, it does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." 544 U.S. at 293, 125 S.Ct. at 1527. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (internal quotations omitted, alterations in original). Significantly, courts "have recognized the difference between a claim that seeks to overturn a state judgment directly and one that is independent because it alleges a prior injury that a state court failed to remedy." *Kathrein v. McGrath*, 166 Fed. Appx. 858, 862, 2006 WL 287433, *4 (7th Cir. 2006).

"[T]he first step in a *Rooker-Feldman* analysis is to determine exactly what the state court held." *Gulla v. North Strabane Twp.*, 146 F.3d 168, 172 (3rd Cir. 1998) (internal quotations omitted). The decision of the Appellate Division in this case held that Plaintiff did not have standing to pursue an appeal of the Board's decision in the state courts, and New Jersey's Supreme Court denied Plaintiff's petition for certification of that judgment. The entirety of the decision by Appellate Divisions is as follows:

Respondent's motion to dismiss the appeal for lack of standing is granted. "[T]he right to bring a complaint to the attention of the Board [of Medical Examiners] does not carry with it the right to judicial review of the Board's response to that complaint." Marques v. N.J. State Bd. of Med. Exam'rs, 264 N.J. Super. 416, 418 (App. Div. 1993).

*See* Order, *In re: J.L.*, Docket No. A-2528-05T1 (March 1, 2005) (alterations in original) attached as Exhibit B to the Certification of John Hugelmeyer.

Having established the precise nature of the state court's decision, a court must then determine whether Plaintiff's federal claim was "actually litigated in the state court prior to filing the federal action" or is "inextricably intertwined with the state adjudication." *Knapper*, 407 F.3d at 580. In the present case, Plaintiff did bring her due process claims in state court, but her state claims were dismissed for lack of standing. Consequently, Plaintiff's due process claims were not "actually litigated" in the state court. *See Watkins v. Resorts Intern. Hotel and Casino, Inc.*, 124 N.J. 398, 418, 591 A.2d 592, 602 (1991) ("A dismissal for lack of standing, like one for lack of jurisdiction, amounts to a refusal by the court to resolve the matter. . . . Standing must be resolved before a court proceeds to determine the merits of a suit.")

As described by the Third Circuit, a federal claim is considered to be "inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Walker*, 385 F.3d at 330 (citations and internal quotations omitted). Neither of these two circumstances are present in the instant case. The decision of the state court was a very narrow one -- it held Plaintiff did not have standing in state court to seek judicial review of the Board's actions. "Since the [Plaintiff's] standing to bring [her] federal claims is solely a matter of federal law, the district court clearly could consider the [Plaintiff's] due process . . . claims without disturbing the state court's conclusion [that Plaintiff lacked standing in the state courts]." *Gulla v. North Strabane Twp.*, 146 F.3d 168 (3rd Cir. 1998).

*Gulla* addressed a situation extremely similar to the present case.[2] In that case, a municipality approved a plan to subdivide property adjacent the plaintiffs' land. The plaintiffs sued in state court alleging, among other things, that the municipality's decision was made in violation of plaintiffs' due process rights. The state court dismissed the case on the ground that the plaintiffs did not have standing to challenge the subdivision approval, and that decision was affirmed on appeal. Thereafter, the plaintiffs filed a federal lawsuit alleging the same constitutional claims that they attempted to bring in the state court. The district court dismissed the claims but the Third Circuit reversed, finding that the claims in the federal case were not barred by *Rooker-Feldman*. Similarly, in the present case, the *Rooker-Feldman* doctrine does not preclude this Court's exercise of jurisdiction over Plaintiff's claims.

On it face, Defendants' present motion raises only the *Rooker-Feldman* issue as a basis for dismissal. The Court notes, however, that while the previous state court action does not compel dismissal of this federal action under the *Rooker-Feldman* doctrine, the underlying basis for the state court's decision casts strong doubt on whether Plaintiff has even stated a claim in

---

[2] Given *Gulla's* obvious relevance to the present case, it is surprising, to say the least, that neither party brought this case to the Court's attention.

4

this matter.  Defendants touch on this issue in their moving brief where they argue that a "non-party [to a proceeding before the Board], found to lack standing, cannot have been denied due process by the Board."  Def. Brf. at 10.  Indeed, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. AG of the United States*, 469 F.3d 94, 98 (3d Cir. 2005).  Further, pursuant to the case law cited by the Appellate Division in its decision, "[t]he authority of the Board to investigate complaints . . . is entirely discretionary. . . . The statute [granting authority to conduct investigations] is clearly permissive, and there is no statutory or regulatory requirement which . . . mandates an investigation be conducted." *Marques v. N.J. State Bd. of Med. Exam'rs*, 264 N.J. Super. 416, 418 (App. Div. 1993).  As such, it appears that Plaintiff's due process claim fails at the threshold.  Accordingly, the Plaintiff is ordered to show cause why her complaint should not be dismissed for failure to state a claim upon which relief can be granted.  The parties may submit briefs on the issue in accordance with the attached order.

## III.  Conclusion

For the reasons set forth above, Defendant's motion to dismiss is denied.  Plaintiff is directed to show cause as to why the complaint in this matter should not be dismissed for failure to state a claim upon which relief can be granted.  An appropriate order accompanies this opinion.


Date:   April 2, 2007                              /s/ JOEL A. PISANO
                                                   United States District Judge