UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRGINIA TIERNEY INMAN, : | |
| : | |
| Plaintiff, : | Civil Action No. 06-2793 (JAP) |
| : | |
| v. : | **OPINION** |
| : | |
| THE DEPARTMENT OF LAW AND : | |
| PUBLIC SAFETY, et al. : | |
| : | |
| Defendants. : | |
| : | |

PISANO, District Judge.

Plaintiff, Virginia Tierney Inman, filed her complaint in this matter against the Department of Law and Public Safety, Division of Consumer Affairs of the State of New Jersey by the New Jersey Attorney General and the Board of Medical Examiners ("Defendants") on June 21, 2006, seeking equitable relief under the All Writs Act, 28 U.S.C. § 1651. Plaintiff alleged that Defendants violated her procedural and substantive due process rights under the United States Constitution when the Board of Medical Examiners (the "Board") determined not to pursue disciplinary action against a physician against whom Plaintiff had complained.

On October 18, 2006, Defendants moved to dismiss Plaintiff's complaint, arguing that this Court lacked subject matter jurisdiction over Plaintiff's claims by application of the *Rooker-Feldman* doctrine. This doctrine, derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)

and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), recognizes that district courts lack subject matter jurisdiction over cases that are, in substance, appeals from state court judgments.[1] The Court denied Defendants' motion, finding that it had jurisdiction to hear Plaintiff's claims. *See* Letter Opinion dated April 2, 2007.

In denying Defendants' *Rooker-Feldman* motion, the Court, based on the parties' submissions on that motion, expressed "strong doubts" with respect to whether Plaintiff's complaint stated a claim upon which relief could be granted. Because, however, the issue had not been expressly briefed by the parties, the Court ordered further briefing and ordered Plaintiff to show cause as to why her complaint should not be dismissed for failure to state a claim. The Court has reviewed the additional submissions of the parties and, for the reasons stated below, finds that Plaintiff has failed to set forth a cognizable due process claim.

I. Legal Discussion

At the heart of Plaintiff's complaint in this matter is her assertion that she was entitled to be "more fully heard" by the Board with respect to her grievance against a physician who had previously treated Plaintiff's deceased husband. Pl. Suppl. Brf., Schedule A at 10.[2] Plaintiff alleges that she was denied the opportunity to "present her proofs and doctors' evidence" to the Board and was denied a "hearing interview of her and her witnesses." *Id.* Plaintiff claims that it was a "perversion" of due process for the Board to accept her grievance and then neither hold a hearing or conduct an "adequate pre-evaluation leading to one." *Id.* at 11.

---

[1]The history of Plaintiff's efforts to appeal the Board's decision in state court is set forth in the Court's Letter Opinion dated April 2, 2007.

[2]Because the pages to Schedule A of Plaintiff's supplemental submission are unnumbered, the Court here references the page number assigned by the Court's electronic filing system.

A. Procedural Due Process

The Fourteenth Amendment provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. To state a claim for a violation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Thus, the threshold issue with respect to Plaintiff's procedural due process claim is whether Plaintiff was deprived of a "cognizable liberty or property interest." *Mudric v. Attorney General*, 469 F.3d 94, 98 (3d Cir. 1995) (noting that "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie"). As relevant to a procedural due process claim, these protected interests are not created by the Constitution, but rather are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Baraka v. McGreevey*, 481 F.3d 187, 205 (3d Cir. 2007) (quoting *Board of Regents of State Coll. v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed.2d 548 (1972)).

Here, Plaintiff has not pled the existence of an interest that would trigger due process protection. Notwithstanding Plaintiff's claim that, as executrix of her husband's estate, she stood in the shoes of her husband before the Board, Plaintiff has not shown she was entitled to any particular action or procedure by the Board.

Under New Jersey law, the authority of the Board of Medical Examiners to investigate

3

complaints is set forth in N.J.S.A. 45:1-18, which provides as follows:

> Whenever it shall appear to any board, the director or the Attorney General that a
> person has engaged in, or is engaging in any act or practice declared unlawful by a
> statute or regulation administered by such board, or when the board, the director
> or the Attorney General shall deem it to be in the public interest to inquire
> whether any such violation may exist, the board or the director through the
> Attorney General, or the Attorney General acting independently, may exercise any
> of the following investigative powers:
>
> a. Require any person to file on such form as may be prescribed, a statement or
> report in writing under oath, or otherwise, as to the facts and circumstances
> concerning the rendition of any service or conduct of any sale incidental to the
> discharge of any act or practice subject to an act or regulation administered by the
> board;
>
> b. Examine under oath any person in connection with any act or practice subject to
> an act or regulation administered by the board;
>
> * * *
>
> In order to accomplish the objectives of this act or any act or regulation
> administered by a board, the Attorney General may hold such investigative
> hearings as may be necessary and the board, director or Attorney General may
> issue subpoenas to compel the attendance of any person or the production of
> books, records or papers at any such hearing or inquiry.

New Jersey courts have noted that while N.J.S.A. 45:1-18 vests the Board with certain

authority, the Board's exercise of such authority is entirely discretionary. *See Beck v. Bluestein*,

194 N.J. Super. 247, 257-258 (App. Div.1984) ("The statute [granting authority to conduct

investigations] is clearly permissive, and there is no statutory or regulatory requirement which

either mandates an investigation be conducted or an investigatory record be made, maintained or

kept."); *see also Marques v. New Jersey State Bd. of Med. Exam'rs*, 264 N.J. Super. 416, 418

(App. Div. 1993) (authority to investigate complaints is discretionary). Plaintiff, therefore, errs

where she asserts that she is "entitled to an investigation and/or hearing consistent with due

process as to whether the involved doctor adequately advised and medically treated her

4

husband." Compl. ¶ 7. There simply is no such entitlement under New Jersey law. Consequently, because Plaintiff has not shown any "deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property," *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972), Plaintiff's procedural due process claim fails.

## B.  Substantive Due Process

Although Plaintiff's assertions seem to be directed primarily at stating a procedural due process claim, Plaintiff also appears to raise the issue of substantive due process by her reference to the "shocks the conscience" test, which is applicable to substantive due process claims. Compl. ¶ 24; Pl. Suppl. Brf., Schedule A at 11 (citing *Fagan v. City of Vineland*, 22 F.3d 1296 (3d Cir. 1994, which concluded that "the substantive component of the Due Process Clause can only be violated by governmental employees when their conduct amounts to an abuse of official power that 'shocks the conscience.'"). The Court, therefore, shall address this issue of substantive due process.

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)). As with Plaintiff's procedural due process claim, to prevail on a substantive due process claim Plaintiff "must establish as a threshold matter that [s]he has a protected property interest to which the Fourteenth Amendment's due process protection applies.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006) (quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133,

139-140 (3d Cir.2000)).  However, unlike with a procedural due process claim, whether an interest is protected for purposes of substantive due process is not determined by reference to state law.  Rather, for a property interest to be protected for purposes of substantive due process, it must be "fundamental" under the United States Constitution.  *Nicholas*, 227 F.3d at 140.

Consequently, the first step in a substantive due process analysis is to define the "exact contours of the underlying right said to have been violated."  *Leamer v. Fauver*, 288 F.3d 532, 546 (3d Cir. 2002) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).  In this case, Plaintiff appears to base her substantive due process claim on to the "right to proper medical care."  Pl. Suppl. Brf. at 4.  However, even if such a right were of the quality required for substantive due process protection, nothing in the facts alleged in this case indicate that Defendants abridged that right in any way.  Having failed to meet the threshold requirement of the relevant analysis, Plaintiff has failed to state a cognizable substantive due process claim.

As a final note, the Court is not unsympathetic to Plaintiff's situation.  Indeed, Plaintiff's complaint alleges that the physician who treated her husband was "grossly medically incompetent" and "lied and deceived her and her husband about testing results which lead to his death."  As set forth above, however, the Due Process Clause does not entitle Plaintiff to the equitable relief she seeks in this case.  Plaintiff should note that nothing in this Court's decision or, as Defendants point out, in the actions of the Board of Medical Examiners forecloses Plaintiff from pursuing claims in another forum, including commencing a civil malpractice action against the physician for damages.

**III. Conclusion**

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint, therefore, is dismissed. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: May 15, 2007

7